**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NOE A. SOLITZ,

    Petitioner,

v.     Case No: 8:16-cv-1713-T-30AAS
      Crim. Case No: 8:07-cr-137-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on Petitioner Noe A. Solitz's Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. (CV Dkt. 1). Petitioner seeks relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. After reviewing this decision and other relevant law, Petitioner's motion, and the record, the Court concludes that *Johnson* does not entitle Petitioner to any relief and his motion should therefore be dismissed, as explained below.

## BACKGROUND

On April 25, 2007, a multi-count indictment against multiple defendants charged Petitioner with the following two offenses: Count I, conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II),

and 846; Count II, knowingly attempting to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II). On May 22, 2007, Petitioner and the government entered into an agreement in which Petitioner agreed to plead guilty to Counts I and the government agreed to dismiss Count II. (CR Dkt. 54). Petitioner entered a plea of guilty to Count I, which the Court accepted. (CR Dkts. 54, 71, 75).

Petitioner was sentenced on September 26, 2007. (CR Dkt. 131). Under 21 U.S.C. §841(b)(1)(A), Count I carried a mandatory minimum 10-year term of imprisonment. Applying this requirement and the United States Sentencing Guidelines, the Court sentenced Petitioner to 168 months' imprisonment.[1] Count II was dismissed on the government's motion.

Petitioner did not file a direct appeal.

## DISCUSSION

Now Petitioner seeks relief under 28 U.S.C. § 2255, which permits prisoners in custody to collaterally challenge the sentences imposed on them as unconstitutional. Petitioner's motion was filed on June 23, 2016, well outside the one-year period within which to file such a motion, beginning on the day the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner contends, however, that his motion is timely under § 2255(f)(3), which states that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has

---

[1] According to the presentence investigative report, Petitioner was considered a career criminal under United States Sentencing Guidelines §4B1.1 because he had at least two prior felony convictions for a crime of violence. (PSR ¶ 30). Applying the Guidelines, the presentence investigative report recommended a prison term of 262-327 months.

2

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The newly recognized right Petitioner asserts is the Supreme Court's recent decision in *Johnson*, 135 S. Ct. at 2563. There, the Supreme Court held that the residual clause of the ACCA, which increases the minimum-required sentence of certain recidivist felons, was unconstitutionally vague. (CV Dkt. 1). And that right was made retroactive by another Supreme Court decision, *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that the retroactive *Johnson* holding applies to his sentence and, specifically, makes it unconstitutional.

The Court finds that it does not. *Johnson* is inapposite, and Petitioner's reliance on it is misplaced. Petitioner was not sentenced as an armed career criminal under the ACCA, 18 U.S.C. § 924(e). He was sentenced under 21 U.S.C. 841(b)(1)(A) and the United States Sentencing Guidelines, which *Johnson* did not address, let alone invalidate. In fact, the Eleventh Circuit Court of Appeals recently held that the Supreme Court's *Johnson* opinion has no effect on the armed-career-criminal provision of the Sentencing Guidelines. *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). *Johnson* does not afford Petitioner any relief from his sentence. Additionally, because that case is inapplicable, Petitioner's motion, filed over a year after his sentence and conviction became final, is untimely.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Noe. A. Solitz's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DISMISSED.

2. The Clerk is directed to deny all pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 207 in the underlying criminal case, case number 8:07-cr-137-T-30EAJ.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has failed to meet this burden.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 28th day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

4